SALCINES, Judge.
Juan Manuel Rivera appeals the denial of his motion for postconviction relief sought pursuant to Florida Rule of Criminal Procedure 3.850. In light of the myriad problems with the postconviction court’s handling of Rivera’s motion, we reverse this case in part. On remand, a different judge should preside at the evi-dentiary hearing on specific claims as further explained below.
Rivera filed a motion for postconviction relief in which he asserted nine claims of ineffective assistance of counsel (he denoted them A-G with A having three specific subparts and one interrelated subpart).[1] The State responded that an evidentiary hearing was necessary on all Rivera’s claims of ineffective assistance. However, the postconviction court considered only three of Rivera’s claims at an evidentiary hearing. Indeed, at the hearing, Rivera’s postconviction counsel apprised the judge that the court had never rendered a written order summarily denying any portion of Rivera’s claims. The judge refused to consider any additional argument and responded that he had narrowed the issues to three as set forth in a letter he had sent to counsel. Following the evidentiary hearing, the court entered a written order denying Rivera’s motion with only the statement: “Defendant has not established that he received ineffective assistance of counsel or that he was prejudiced by counsel’s performance.”
In this appeal, Rivera challenges the court’s handling of the three claims denoted “A” (his first through third claims), as well as the posteonviction court’s refusal at the evidentiary hearing to consider claim C (his fifth claim), claim E (his seventh claim), claim F (his eighth claim), and claim G (his ninth claim). Rivera does not challenge two of the claims considered at the evidentiary hearing (claim B, which was his fourth claim, and claim D, which was his sixth claim).
The State candidly concedes that remand is required for a portion of Rivera’s claims. We find, however, that Rivera should be afforded a full evidentiary hearing on all of the aforementioned claims of ineffective assistance of counsel except those which were not challenged in this appeal. In view of the manner in which this postconviction matter was handled and the dismissive nature of the judge’s remarks at the evidentiary hearing, we direct the chief judge of the Twentieth Judicial Circuit to assign this case to a differ *615 ent judge to consider Rivera’s motion on remand.
Affirmed in part, reversed in part, and remanded.
WHATLEY and VILLANTI, JJ„ Concur.

. Rivera also raised a claim of sentencing error in regard to a separate case for which he entered a plea (case no. 97-093). However, that claim is not properly before this court. In fact, in response to a lengthy order from this court asking which cases were being appealed by Rivera, his appellate counsel stated that he was not seeking appellate review of case number 97-093. Thus, we decline to review that claim.